IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.

DAVEY JOHNATHAN SISK,

Defendant.

Case No. 3:24mj00019

**AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Charles J. Moloney III, being duly sworn, hereby depose and state as follows:

### I.   INTRODUCTION

A.   **Purpose of Affidavit**

1.   I submit this affidavit to establish probable cause in support of a criminal complaint charging DAVEY JOHNATHAN SISK (hereafter, SISK) with one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A, occurring on or about March 21, 2023, in the Western District of Virginia and elsewhere.

B.   **Agent Background and Experience**

2.   I am presently employed as a special agent with the United States Homeland Security Investigations (HSI), where I have worked since May 2021.

3.   I am presently assigned as a sworn law enforcement officer to the Resident Agent in Charge (RAC) Harrisonburg, Virginia office for HSI.  In that capacity, my duties include investigating federal criminal offenses, including crimes involving child exploitation, sextortion

1

of minors, possession, production, and distribution of child sexual abuse material (CSAM),[1] money laundering proceeds from specific unlawful activities, and violations of federal customs and immigration law. Through these investigations and my participation in the execution of search warrants, I have become familiar with common terminology, patterns of conduct, grooming techniques, and other sources of information providing evidence of a subject's involvement in child exploitation offenses.

4.      During my tenure I have completed approximately 480 hours of instruction in the Criminal Investigator Training Program (CITP) and approximately 480 hours of instruction in the Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). During training, I received Cyber Crimes Investigations Training, Child Exploitation Training, classroom instruction, and practical exercises involving the Fourth Amendment search and seizures. As a special agent, I have participated in an undercover chat operation and in child sexual exploitation investigations. As a uniformed officer with the United States Secret Service, I completed approximately 480 hours of instruction at the FLETC and approximately 480 hours of instruction at the Secret Service James J. Rowley Training Center.

---

[1] Federal law prohibits the production, advertisement, transportation, distribution, receipt, sale, access with intent to view, and possession of child sexual abuse material (CSAM). Underlying sexually explicit images or videos of a child is abuse, rape, molestation, or exploitation. The term "child pornography" is used in federal statutes and is defined as any visual depiction of sexually explicit conduct involving a person less than 18 years old. *See* 18 U.S.C. § 2256. While the phrase "child pornography" appears in federal law, *see id.*, "child sexual abuse material," or CSAM, reflects the abuse depicted in the images and videos and the resulting trauma to the child. Thus, the term "CSAM" is used in this Affidavit, but the specific image(s) and video(s) giving rise to the charged count are described to allow the related assessment by the Court that such image(s) and video(s) constitute child pornography by statutory definition.

5.      Prior to my tenure as a special agent with HSI, I worked as an intelligence operations specialist and a communications watch officer for the Department of Homeland Security, National Operations Center from October 2015 through May 2021. In the capacity as an intelligence operations specialist and communications watch officer, I was responsible for analyzing large quantities of information and the creation of reports for senior leaders within the Department of Homeland Security. From October 2013 through October 2015, I worked as a uniformed law enforcement officer with the United States Secret Service and was responsible for enforcing federal and state laws while providing protection for the White House and its employees. From August 2006 through February 2018, I served in the Army Reserve and Army National Guard as military police and as an Army CID special agent. In 2008, I deployed to Camp Cropper, Iraq in support of detainee operations. As a CID special agent, I supported protection missions for the Secretary of Defense and other Department of Defense senior leaders.

**C.      Sources of Information**

6.      The facts in this affidavit come from a variety of sources, including my personal knowledge of the facts and circumstances obtained through my participation in this investigation, my training and experience, information obtained from other law enforcement officers/agents and witnesses, information gathered through law enforcement surveillance efforts, and information provided by records and databases, as well as other sources. All observations not personally made by me were relayed to me by individuals who made them or are based on my review of reports, documents, and other evidence obtained during the investigation. Where I refer to statements and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation

proceeds. Similarly, where information contained in reports and other documents or records are referenced herein, such information is also described in sum and substance and in relevant part only. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## II.     APPLICABLE LAW

7. Based on the facts set forth below, I assert there is probable cause to believe SISK has violated 18 U.S.C. § 2252A. Under 18 U.S.C. § 2252A(a)(2), it is unlawful to knowingly receive child pornography. Receipt of Child Pornography, which is prohibited by 18 U.S.C. § 2252A, includes the following elements: (1) the defendant knowingly received or distributed a visual depiction of sexually explicit conduct; (2) the production of such item involved the use of a minor; (3) the item was shipped, transported, or mailed in interstate or foreign commerce by any means, including by computer; and (4) the defendant knew that such item contained child pornography.

## III.     PROBABLE CAUSE

### A.     SISK was Identified as the User of Snapchat and Cash App Accounts Tied to the Receipt of CSAM and Related Payments for Such Images

8. The investigation has revealed that from the end of 2021 through some time in 2022, Minor Victim 1 (MV1), a now 15-year-old residing in Texas, took videos and images of MV1 and another minor engaging in sexual intercourse and sold these videos and images through Snapchat and Cash App. When interviewed, MV1 confirmed that MV1 sold CSAM videos and images of MV1 and the other minor engaging in sexual intercourse, using Cash App and Snapchat.

4

9. The evidence indicates that one of the individuals that purchased this CSAM from MV1 was SISK. Specifically, Snapchat username "[REDACTED]_limon"[2], sent images and videos of MV1 and another minor to Snapchat username "JAKESMOOT2021," a Snapchat account used by SISK. In exchange, SISK paid MV1 approximately $465 through Cash App from around July 2022 through around April 2023.

10. For example, in or around October 2022, MV1 and SISK exchanged the following comments in their Cash App transactions:

| | | |
|---|---|---|
| [MV1]: | | accept it or I'll go to cops for u buying my vids |
| [MV1]: | | I'm underage so u will get jail time if u don't |
| [MV1]: | | if u accept this I won't report u |
| SISK: | | what ur Snapchat |
| [MV1]: | | fw.[MV1]5 |
| SISK: | | sell to me |
| SISK: | | add me back and sell |

11. Based on my training, experience, and participation in this investigation, I know that "vids" is a short-hand for "videos" and I believe the above exchange reflects MV1 and SISK discussing payment for CSAM by SISK to MV1.

12. On or around January 18, 2024, investigators received documents, pursuant to a federal search warrant for Snapchat accounts JAKESMOOT2021 and FW.[REDACTED]5.[3] The documents for FW.[REDACTED]5 contained no records of communication between FW.[REDACTED]5 (i.e., MV1) and JAKESMOOT2021 (i.e., SISK). Documents obtained for

---

[2] The redacted portion of the Snapchat username contains MV1's name and is therefore not included to protect the victim's identity.
[3] The username is redacted because it includes MV1's name.

Snapchat account JAKESMOOT2021 did, however, identify JAKESMOOT2021 communicating with Snapchat user [MV1]_limon, which, based upon the materials that I have reviewed as part of this investigation, is believed to be another Snapchat account used by MV1 and/or the minor with whom MV1 was sexually involved.

### B. CSAM Involving MV1 Located in Snapchat Messages Received by JAKESMOOT2021

13. On or around March 21, 2023, Snapchat user [REDACTED]_limon sent JAKESMOOT2021 a screenshot of a Cash App account bearing MV1's name. Later that same day, a verified Cash App account, registered to SISK sent MV1's Cash App account approximately $90. On or around March 21, 2023, returns for Snapchat account JAKESMOOT2021 identified approximately 12 CSAM videos of MV1 sent by Snapchat user [REDACTED]_limon to JAKESMOOT2021.

14. For example, in one of the videos, MV1, whose face is visible throughout the video, is observed squatting low to the ground with MV1's genitalia exposed to the camera. In the video, MV1 exposed MV1's genitalia and anus to the camera and was observed rubbing the outside of MV1's genitalia with MV1's hand. This video forms the basis for the receipt of child pornography charge alleged in this Affidavit.

15. Returns for Snapchat account JAKESMOOT2021 logged the IP address 73.216.242.238 on March 21, 2023, for the account JAKESMOOT2021.

### C. Identification of SISK and SISK's Residence

16. On or around August 23, 2023, investigators submitted a preservation letter to Snapchat for the account JAKESMOOT2021. On or around August 24, 2023, Snapchat responded "that [its] Support Team has previously taken action against the account jakesmoot2021, preserved

the account information consistent with 18 U.S.C. § 2258A, and filed a report with the National Center for Missing and Exploited Children (NCMEC)."

17. On or around August 25, 2023, NCMEC provided the report filed by Snapchat for the Snapchat account JAKESMOOT2021. The IP address associated with Snapchat account JAKESMOOT2021, as provided by Snapchat to NCMEC, was identified as 73.216.242.238.

18. Subscriber information for the IP address 73.216.242.238 identified the IP address as registered to [redacted] SISK, believed to be a relative of SISK. The service address was identified as a specific residence on Inlet Road, in Culpeper, Virginia 22701 (herein, the "Inlet Road Address"). SISK's Virginia Driver's License presently lists the same Inlet Road Address. Further, a 1999 Ford F-250 registered to SISK is also registered to the Inlet Road Address.

19. On or around February 1, 2024, a local law enforcement officer who was previously in contact with SISK's family regarding a separate criminal case, contacted SISK's family member and requested the current address for SISK. The family member confirmed to that law enforcement officer that SISK currently lives at the Inlet Road Address. However, the family member stated SISK occasionally spends time at SISK's romantic partner's residence. Of note, the Inlet Road Address is located within the Western District of Virginia.

D. **Other Snapchat Messages and Images Link SISK to Snapchat Account JAKESMOOT2021**

20. On or around December 26, 2021, Snapchat user JAKESMOOT2021 sent another user the message, "What u look like?" In response, the Snapchat user sent an image and replied, "And you", as if asking for an image of JAKESMOOT2021 in exchange. Then, JAKESMOOT2021 sent the other user an image of an adult male standing in front of a mirror. The adult male depicted in the shared image matches law enforcement database images for SISK.

7

21. On or around December 1, 2022, Snapchat user JAKESMOOT2021 sent another Snapchat user an image of an adult male in a vehicle followed by the message, "That's me." The depicted male also matches law enforcement database images for SISK.

22. On or around June 16, 2022, a screenshot image of a Cash App payment with the name "Davey Sisk" was exchanged between JAKESMOOT2021 and another Snapchat user.

23. On June 24, 2022, a Snapchat user asked JAKESMOOT2021, "What do you do?", and JAKESMOOT2021 replied, "Prison officer wbu". Based on my participation in investigations, I believe "wbu" was an abbreviation for "what about you." SISK's response of "prison officer" is consistent with evidence uncovered in this investigation about his background. SISK was previously employed at the Coffeewood Correctional Center located in Mitchells, Virginia, which is approximately 12 miles from the Inlet Road Address.

### IV.   CONCLUSION

24. Based on the above facts, there is probable cause to believe that DAVEY JOHNATHAN SISK violated 18 U.S.C. § 2252A(a)(2) (receipt of child pornography). It is therefore respectfully requested that this Court issue an arrest warrant for DAVEY JOHNATHAN SISK.

/s/ Charles J. Moloney III
CHARLES J. MOLONEY III
Special Agent
Homeland Security Investigation

Received by reliable electronic means and sworn
and attested to by telephone on this  13th  day of February 2024.

8

_____
HONORABLE JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

9